[Crim. No. 637. Third Appellate District.—December 11, 1922.]

THE PEOPLE, Respondent, v. J. A. CASDORF et al., Appellants.

[1] CRIMINAL SYNDICALISM—PLEADING—SUFFICIENCY OF INDICTMENT.— In a prosecution for a violation of the Criminal Syndicalism Act, an indictment charging that the defendants "were, and each of them was then and there willfully, unlawfully, feloniously and

knowingly a member of·an organization, society, group and assemblage of persons known and designated as 'The Industrial Workers of the World,' sometimes known and referred to as the I. W. W. and sometimes known and referred to as the 'One Big Union,' which said organization, society, group and assemblage of persons was then and there organized and assembled to advocate, teach and abet criminal syndicalism," is sufficient as against a demurrer on the ground that it does not conform to the requirements of sections 950, 951, and 952 of the Penal Code "in that there is uncertainty as to the offense charged and the particular circumstances of the offense charged."

[2] ID.—PURPOSES AND METHODS OF I. W. W.—EVIDENCE—FINDING.— In this prosecution for a violation of the Criminal Syndicalism Act, notwithstanding the contention of the defendants that the Industrial Workers of the World, in compliance with public sentiment as embodied in said statute, changed its purposes and modified its methods, the record on appeal revealed sufficient basis for the implied finding of the jury that at the time specified in the indictment, which was subsequent to the passage of said act, the defendants were members of "an organization . . . which said organization, society, group and assemblage of persons, was then and there organized and assembled to advocate, teach and aid and abet criminal syndicalism" as that term is defined in the statute.

[3] ID.—ARREST OF WITNESSES—MOTION FOR NEW TRIAL—CONFLICTING AFFIDAVITS—JUDGMENT—APPEAL.—Where the defendants in such a prosecution predicate their motion for a new trial upon the arrest of certain witnesses for the defense, but the affidavits in support thereof and the counter-affidavit opposed thereto are conflicting as to the time and place and manner of the arrests, and such counter-affidavit avers that the arrests were made by the deputies sheriff in good faith and in performance of their sworn duty, and not in the presence or hearing of any of the jurors, and the trial court accepts the affidavit of the prosecution as containing a true statement of the facts, the appellate court is bound by that decision as far as any conflict exists between said affidavits.

[4] ID.—WARNING TO WITNESSES—PRESUMPTION OF GOOD FAITH—INSUFFICIENT AFFIDAVIT.—The statement of the district attorney, made in open court in the absence of the jury but in the presence of most of the other prospective witnesses for the defense, after two of such witnesses had been arrested, that all witnesses who would thereafter take the stand in the case and admit they were paid-up members of the Industrial Workers of the World in good standing would be arrested and charged with criminal syndicalism, in the absence of any showing of prejudice,

must be assumed on appeal to have been made in good faith and for the purpose of warning the witnesses of the consequence of incriminating themselves, so that upon that ground they might decline to testify if they so desired; and the statement in the affidavit of the defendants on their motion for a new trial that the witnesses who testified were rendered "less efficient" as witnesses is a mere conclusion of the affiant and must be disregarded, while the statement that "other witnesses were scared away" can be accorded no significance in the absence of any statement of the names of the witnesses and what their testimony would be.

APPEAL from a judgment of the Superior Court of Sacramento County.  Malcolm C. Glenn, Judge.  Affirmed.

The facts are stated in the opinion of the court.

R. W. Henderson, E. S. Smith and Austin Lewis for Appellants.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—[1] The first point made by appellants is that the trial court should have sustained the demurrer to the indictment on the ground that it did not conform to the requirements of sections 950, 951, and 952 of the Penal Code, "in that there is uncertainty as to the offense charged and the particular circumstances of the offense charged." It is admitted, however, that they were accused in the language of the statute in that "They were, and each of them was then and there willfully, unlawfully, feloniously and knowingly a member of an organization, society, group and assemblage of persons known and designated as 'The Industrial Workers of the World,' sometimes known and referred to as the I. W. W. and sometimes known and referred to as the 'One Big Union,' which said organization, society, group and assemblage of persons was then and there organized and assembled to advocate, teach and abet criminal syndicalism." This question has been recently considered by this court in the case of *People* v. *Roe,* 58 Cal. App. 690 [209 Pac. 381], wherein the charging part of the indictment was in the identical language of that before us, and it was held to be sufficient to so follow the language of the statute.  We may re-

fer also to *People* v. *Steelik,* 187 Cal. 203 [203 Pac. 78], and
*People* v. *Taylor,* 187 Cal. 378 [203 Pac. 85], cited in the
Roe case, wherein the same doctrine is enunciated. The
question must be deemed settled adversely to the contention
of appellants and no further discussion is called for.

[2] It is urged that the evidence is insufficient to support
the verdict. In this connection the particular contention is
that the character of the organization after the enactment of
the Criminal Syndicalism Act of 1919 (Stats. 1919, p. 281)
was not shown to have been within the inhibition of the law.
There is a claim that the organization, in compliance with
public sentiment as embodied in said statute, changed its
purposes and modified its methods and that the evidence of
what was advocated and practiced by the society related en-
tirely to the old organization and not to it in its present
form. In this appellants are in error. It is true that a
large portion of the voluminous transcript is taken up with
a recital of what the organization taught and practiced prior
to 1919, but our examination of the record has convinced
us that it reveals sufficient basis for the implied finding of
the jury that in February, 1922, defendants were members
of "an organization, . . . which said organization, society,
group and assemblage of persons, was then and there or-
ganized and assembled to advocate, teach and aid and abet
criminal syndicalism" as that term is defined in the statute.
Indeed, the evidence of the character of said organization in
the case at bar is substantially the same as in *People* v. *Roe,
supra,* and we may refer to that decision as a complete an-
swer to this contention of appellants.

[3] The only other point upon which reliance is had is
disclosed by the following affidavit of E. S. Smith used on
the motion for a new trial:

"E. S. Smith being first duly sworn, upon his oath says:
That he is one of the Attorneys for the defendants above
named; That ten witnesses for the defense in the above-
entitled case, Walter Smith, P. Beasley, B. Kyler, A. E.
Anderson, Thos. O'Mara, W. Rutherford, Chas. B. La Rue,
Tom Zanger, H. M. Edwards and J. Nash, were arrested be-
fore they left the court room and shortly after leaving the
witness stand; That some of said witnesses were chained to-
gether just outside the court room and were marched down
the corridor in the presence of several of the jurymen while

said trial was in session; That after the first two witnesses, P. Beasley and Chas. B. La Rue were arrested, in the absence of the jury but in the presence of most of the above named witnesses and other prospective witnesses, Mr. J. R. Hughes of the District Attorney's office, in open court made the statement that all witnesses who would thereafter take the stand in this case and admit they were paid up members of the Industrial Workers of the World in good standing, would be arrested and charged with Criminal Syndicalism; That in order to properly present defendants' case and explain to the jury the character and nature of the organization known as the Industrial Workers of the World it was necessary to use as witnesses, members of the said organization; That by reason of the arrest of witnesses P. Beasley and Chas. B. La Rue the other witnesses above named were intimidated and terrorized so as to render them less efficient as witnesses and other prospective witnesses were scared away; That this affiant believes that the above facts rendered it impossible for the defendants to receive due process of law and equal protection and that they did not so receive; Further affiant sayeth naught except that the above facts are true as your affiant verily believes."

It may be stated that on the hearing of said motion Markham Johnson, a deputy district attorney of Sacramento County, filed the following counter-affidavit:

"That he is a deputy district attorney of the County of Sacramento, State of California, duly appointed, qualified and acting as such; that he assisted on behalf of the plaintiff in the presentation of the above entitled cause of the *People of the State of California* v. *J. A. Casdorf and Earl Firey.*

"That in reply to the affidavit filed herein by E. S. Smith, one of the attorneys for the defendants herein, this affiant denies that ten witnesses for the defense who appeared to testify in the above entitled cause, to-wit: P. Beasley, B. Kyler, A. E. Anderson, Thos. O'Mara, W. Rutherford, Chas. B. La Rue, Tom Zanger, H. M. Edwards and J. Nash, or any, or either of them, were arrested before they left the court room of the above entitled court, and—or shortly after they left the witness stand; and in this connection, affiant avers the truth and fact to be that none of said above named witnesses were arrested in the court room, or shortly after they

left the witness stand, but they and each of them were arrested for the commission of a known felony by deputies of the office of the sheriff of the County of Sacramento, State of California, and that said arrests and each of them were made outside of the above entitled courtroom and without the presence of the jury that was sworn to try the said above entitled cause.

"And this affiant denies that said arrests or any of them was for the purpose of intimidating, coercing, or terrorizing any of said witnesses, and avers that said arrests did not intimidate, coerce, or terrorize any of the witnesses called by said defendants, or either of them, and this affiant further avers that each and every witness called on behalf of said defendants and each of them did appear and was fully examined by counsel for said defendants.

"Affiant further avers that the acts and conduct of said deputies sheriff were not within the presence or hearing of any of the jurors sworn in the above entitled cause, and were done in absolute good faith and in the performance of their sworn duty as officers of the law.

"This affiant further avers that he fully believes that said defendants received and each of them received a full, fair and complete trial in said cause, and therefore asks this Honorable Court to deny said motion for a new trial."

We must assume that the trial judge accepted the affidavit of the deputy district attorney as containing a true statement of the facts and we are bound by his decision as far as any conflict exists between said affidavits. [4] There is no denial, however, of this important statement in Mr. Smith's affidavit:

"That after the first two witnesses, P. Beasley and Chas. B. La Rue were arrested, in the absence of the jury but in the presence of most of the above named witnesses and other prospective witnesses, Mr. J. R. Hughes of the District Attorney's office, in open Court made the statement that all witnesses who would thereafter take the stand in this case and admit they were paid up members of the Industrial Workers of the World in good standing, would be arrested and charged with criminal syndicalism."

The propriety of such remark may be debatable, but we must assume that the assistant district attorney acted in good faith and his purpose was to warn the witnesses of the

consequence of incriminating themselves, so that upon that ground they might decline to testify if they so desired. But at any rate no prejudice to the substantial rights of the defendants was shown. That those who testified were rendered "less efficient" as witnesses is of course a mere conclusion of the affiant and should be disregarded. Likewise, the statement that "other witnesses were scared away" can be accorded no decisive significance in the absence of any statement of the names of the witnesses and what their testimony would be.

No error appears of sufficient gravity to warrant an interference with the verdict, and the judgment and order are therefore affirmed.

Finch, P. J., and Hart, J., concurred.